WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Enrique Hernandez-Martinez, | ) | |
| Petitioner, | ) ) | CR 04-1682 TUC-DCB<br>CV 05-0729 TUC-DCB |
| v. | ) ) | |
| United States of America, | ) ) | **ORDER** |
| Respondent. | ) ) | |
| _____ | ) | |

Pending before this Court is Enrique Hernandez-Martinez' "Motion for Review of Sentence Pursuant to Title 18 U.S.C. § 3742 and for a Downward Departure Pursuant to U.S.S.G § 5K2" and "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody" (Petition). The documents were stapled together and filed on December 6, 2005. The first motion is a request for a direct appeal and should have been docketed as a Notice of Appeal and transmitted accordingly. The Court *sua sponte* denies the second motion, the Petition, for the reasons explained below and summarily dismisses this action.

The Petitioner argues that his sentence is unconstitutional because his counsel was ineffective for failing to make a *Booker* objection to the mandatory guideline sentence and failing to object to this Court's failure to provide a written explanation in the Judgment as to why the sentence it imposed was outside the guideline range. (Document 27: Petition at 5.)[1]

/////

---

[1] Document numbers refer to the Clerk's Record in this case.

**A.    Conviction and Sentence**

Pursuant to a plea agreement, Petitioner plead guilty on December 6, 2004, to violating Title 8, U.S.C. § 1326, enhanced pursuant to subsection (b)(2) for illegal reentry after deportation, a felony.  (Document 9: Indictment filed August 18, 2004.)

On March 24, 2005, the Court sentenced the Petitioner to 37 months imprisonment, 36 months supervised release, and a $100.00 special assessment. (Document 26: Judgment of Conviction.)  Petitioner was sentenced pursuant to the Plea Agreement.

**B.    28 U.S.C. § 2255: Plea Agreement Waiver of Right to Appeal**.[2]

Title 28 of the United States Code, Section 2255 provides for collateral review of Petitioner's sentence as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. A motion for such relief may be made at any time.

28 U.S.C. § 2255.

The right to petition for relief under 28 U.S.C. § 2255, like the right to bring a direct appeal, is statutory.  *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1992) (citing *see Abney v. United States,* 431 U.S. 651, 656 (1977) ("The right of appeal, as we presently know it in criminal cases, is purely a creature of statute....")).  Like the waiver of the right to a direct appeal, a knowing and voluntary waiver of rights under 28 U.S.C.

---

[2]Pursuant to the Plea Agreement, Defendant agreed that upon filing a Petition such as the one filed here, the Government may seek remand of the case to this Court to determine whether he is in breach of the agreement, and if so, the United States may be permitted to withdraw from the Plea Agreement.  While the filing of this Petition clearly breaches the Plea Agreement, in the interest of judicial economy this Court shall dismiss it rather than allow the United States to withdraw from it and prosecute the Defendant.  (Document 19: Plea Agreement at 4.)

§ 2255 is enforceable. *Id.* (citing *United States v. Navarro-Botello,* 912 F.2d 318, 321(9th Cir.1990)).

Upon review of the record in this case, it appears that the Petitioner was sentenced pursuant to a plea agreement containing an express waiver of all appeal rights, direct and collateral. (Document 19: Plea Agreement at 4.)

The Petitioner signed the Plea Agreement stating that he had discussed the terms with his attorney, that he agreed to the terms and conditions, which included the waiver of his right to appeal, and that he voluntarily and knowingly entered into the Plea Agreement. *Id.* at pp. 4, 6-7.) This Court's sentencing colloquy fully complies with Fed. R. Cr. P. 11, including an inquiry into the voluntariness of any plea agreement, gives notice to the defendant if the plea agreement contains a waiver of appellate rights and inquires into the voluntariness of the waiver.

Plea agreements are contractual in nature and their plain language will generally be enforced if the agreement is clear and unambiguous on its face. *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005). For example, an express waiver of appellate rights is enforceable if the language of the waiver encompasses the right to appeal on the grounds raised and the waiver is knowingly and voluntarily made. *Id.*

A defendant may waive the statutory right to bring a § 2255 action challenging the length of his sentence, *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994); *Abarca*, 985 F.2d at 1014. The only claims that cannot be waived are that the waiver itself was involuntary or that ineffective assistance of counsel rendered the waiver involuntary. *See Pruitt*, 32 F.3d at 433 (expressing "doubt" that a plea agreement could waive a claim that counsel erroneously induced a defendant to plead guilty or accept a particular part of the plea bargain), *Abarca*, 985 F.2d at 1014 (expressly declining to hold that a waiver forecloses a claim of ineffective assistance or involuntariness of the waiver); *see also Jeronimo*, 398 F.3d at 1156 n.4 (summarizing *Pruitt* and *Abarca*, but declining

3

to decide whether waiver of all statutory rights included claims implicating the voluntariness of the waiver).

**C.     Conclusion.**

None of Petitioner's claims fit this exception.  Although he claims that counsel was ineffective, the assertions underlying his contention all pertain to sentencing and do not pertain to the voluntariness of the waiver.  Petitioner expressly waived issues regarding the imposition of sentence and expressly waived a § 2255 action.  The Court accepted his plea as voluntarily made.  *Compare United States v. Nunez*, 223 F.3d 956, 959 (9th Cir. 2000) (waiving appeal of sentencing issues also waives the right to argue on appeal that counsel was ineffective at sentencing).  Consequently, the Court finds that Petitioner waived the sentencing issues raised in his § 2255 motion.  Because the issues cannot survive even if Petitioner were permitted to amend his grounds, the Court will summarily dismiss the action as plainly without merit.

**Accordingly,**

**IT IS ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255 (document 27) filed in CR 04-1682 TUC DCB and (document 1) filed in CV 05-729 TUC DCB is DENIED.

**IT IS FURTHER ORDERED** that Civil case number CV 05-729 TUC-DCB is DISMISSED with prejudice.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that the document captioned " "Motion for Review of Sentence Pursuant to Title 18 U.S.C. § 3742 and for a Downward Departure Pursuant to U.S.S.G § 5K2" shall be detached from the habeas Petition and docketed as a

1 | Notice of Appeal, filed on December 6, 2005, and transmitted accordingly to the Ninth
2 | Circuit Court of Appeals.

   DATED this 5${}^{th}$ day of May, 2006.

                  David C. Bury
                  United States District Judge